## JACOB STERN *vs.* WILLIAM FILENE.

It is within the discretion of the presiding judge to refuse to grant a motion for a nonsuit on account of the failure of the plaintiff to answer interrogatories put to him by the defendant under Gen. Sts. c. 129, § 46.

A motion for a nonsuit, which has been overruled, may be renewed at a subsequent term.

In an action to recover for goods sold and delivered, a witness for the plaintiff, being out of the state, testified by deposition taken on commission; and, being asked on cross-examination if the defendant did not, on one occasion, claim from the plaintiff that there was something due to him for not delivering a lot of goods purchased of the plaintiff, answered that there was a small bill of goods sold to the defendant, and delivery was refused by the plaintiff except on receipt of cash, on the strength of which refusal the defendant objected to paying the bill in suit. *Held,* that the defendant had no ground of exception to the admission of this answer in evidence.

Testimony by a witness that he knew of a sale of certain specified goods by the plaintiff to the defendant, on a certain day and at a certain price; that they were sent to another house to be packed for the defendant, and the receipt thereof acknowledged; that they were sold at market prices; and that he was present when the sale was made, is sufficient to authorize a jury to find a verdict for the plaintiff, in an action to recover their price.

CONTRACT for goods sold and delivered. The defendant, among other things, denied the sale and delivery.

The defendant filed certain interrogatories, in the superior court, to be answered by the plaintiff on oath ; and at June term 1865 an order was passed that the plaintiff should answer them

by the first day of the next term.   This order was not complied with, and at December term the defendant moved for a nonsuit; but the judge refused to order a nonsuit, on the ground that it had been made to appear that the claim had been assigned be· fore suit, and the plaintiff in interest had used all proper means to find the nominal plaintiff and obtain the answers, but without success.   At March term 1866 the defendant renewed his motion ; but *Morton,* J. refused to order a nonsuit.

At the trial, the only evidence introduced was the deposition of Bernard Adler, taken in the city of New York, under a commission.   In the answer to the third direct interrogatory, Adler, who had formerly been employed by the plaintiff, testified thus: " I know of a sale of goods by Stern to Filene.  [Here the date and a description of the goods, with the prices, were given, which corresponded with the bill of particulars annexed to the declaration.]   They were sent to another house to be packed for him, and the receipt thereof acknowledged.   The goods were sold at market prices."   In reply to the fourth cross-interrogatory, he testified that he was present at the time of the sale. The 11th cross-interrogatory, referring to a conversation between the plaintiff and the defendant, was as follows: " Did not Mr. Filene claim from Mr. Stern that there was something due him for not delivering a lot of goods purchased of him ? "   The answer to this was, " There was a bill of goods amounting to about $14 or $15 or thereabouts, which I sold to Filene, and delivery was refused by Jacob Stern except on receipt of cash on the strength of which refusal Mr. Filene objected to paying " the bill in suit.

The defendant objected to the answer to the 11th cross-interrogatory, as not responsive ; but the judge allowed the same to be read to the jury.   The defendant also requested the judge to instruct the jury that there was no evidence of any delivery of the goods to the defendant, or to any one by his request, or to any one authorized to receive them for the defendant; but the judge declined so to rule.

The jury returned a verdict for the plaintiff, and the defend ant alleged exceptions.

*C. Sewall,* for the defendant.

*S. B. Ives, Jr.,* for the plaintiff.

CHAPMAN, J. The defendant, having filed certain interrogatories to be answered by the plaintiff, under Gen. Sts. c. 129, §§ 46–57, obtained an order at June term 1865 that the plaintiff should answer the same, or show cause to the contrary. At the next December term, the plaintiff not having complied with the order, the defendant moved for a nonsuit. The motion was denied, and the case was continued. At March term 1866 the motion was renewed, and was again denied, but the ground on which the denial was placed by the judge does not appear. Section 56 of the statute provides that if an order to answer is not complied with, " the court may enter a nonsuit or default, as the case may require." This leaves it at least within the discretion of the judge to delay the nonsuit or default as long as he may think reasonable. *Townsend* v. *Gibbs,* 11 Cush. 158. If he had, after denying the motion, compelled the defendant to go to trial without having the interrogatories answered, the exceptions would have raised the question whether the defendant had not an absolute right to the answers before going to trial. But it does not appear that he did so, or that he would have refused a further continuance of the case if the defendant had moved for it. For aught that appears, the defendant chose to go to trial without the answers, in preference to further delay. The exception is overruled, on the ground that it was within the discretion of the presiding judge to overrule the motion for a nonsuit at that time, and it does not appear that his ruling went beyond this.

The plaintiff's counsel contends that, as the motion was made at a previous term and overruled, it could not be again entertained at the March term. But this ground is untenable. The defendant had a right to renew it, and the court had power to act upon it as if it had never before been made. There might be reasons for granting it in March which did not exist at the prior term. We have no occasion to discuss the reasons on which the decision was made at December term, because they are not before us for revision. The ruling resulted merely in a continuance

If the judge who presided at the March term had put his decision on the same ground, we might have had occasion to decide whether a party can, by selling his claim and permitting a suit to be brought in his name, deprive a defendant of the benefit of the statute.

The defendant also excepted to the admission in evidence of the answer of Bernard Adler, a deponent, to the 11th cross-interrogatory. The deponent was asked whether the defendant did not on a certain occasion claim from Stern that there was something due him for not delivering a lot of goods purchased of him. The question was answered by stating what claim the defendant did make. We think this answer is sufficiently responsive, in a foreign deposition, to be admitted in evidence. It states what the transaction was in respect to which the inquiry was made, and enabled the jury to judge how far it varied, if at all, from the assumptions of the interrogatory.

The deposition of Adler was sufficient to authorize the jury to find that the goods were sold and delivered to the defendant. He said that he knew of the sale, and the goods were sent to another store to be packed for the defendant, and the receipt thereof acknowledged; and they were sold at market prices. On cross-examination, he said he was present at the sale of the goods by Stern to Filene. The jury would be authorized to infer that the goods were sent to be packed in conformity with the directions of the defendant. This would constitute a delivery.                    *Exceptions overruled.*